UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH PAUL ZIMMERMAN,

                Petitioner,

    v.

JACK WARNER,

                Respondent.

CASE NO. 3:25-CV-6050-RAJ-DWC

ORDER ON MISCELLANEOUS MOTIONS

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Currently pending in this action is Petitioner Kenneth Paul Zimmerman's Motion to Appoint Counsel, Motion to Stay and Abey, Motion to Amend, Motion for Discovery, Motion for Evidentiary Hearing, and Motion to Expedite Review. Dkts. 6, 7, 8, 9, 10, 11. After consideration of the relevant record, the Motion to Appoint Counsel (Dkt. 6), Motion to Amend (Dkt. 8), Motion for Discovery (Dkt. 9), Motion for Evidentiary Hearing (Dkt. 10), and Motion to Expedite Review (Dkt. 11) are DENIED. The Motion to Stay and Abey is re-noted to January 2, 2026.

### I. Motion to Appoint Counsel (Dkt. 6)

Petitioner is seeking Court-appointed counsel. Dkt. 6. There is no right appointed counsel in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required or such appointment is necessary for the effective utilization of discovery procedures. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Here, the Court does not find good cause for granting leave to conduct discovery; thus, counsel is not necessary to effectively utilize discovery. Further, the Court has not determined an evidentiary hearing is required. *See* Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). Moreover, Petitioner effectively articulated his grounds for relief raised in the Petition, the grounds are not factually or legally complex, and Petitioner has not shown he is likely to succeed on the merits of this case. *See* Dkt. 3. Thus, Petitioner has not shown the interests of justice require the Court to appoint counsel at this time. As Petitioner has not shown appointment of counsel is appropriate, the Motion to Appoint Counsel (Dkt. 6) is denied without prejudice.

### II. Motion to Amend (Dkt. 8)

In the Motion to Amend, Petitioner requests the ability to file an amended petition once this Court lifts a stay in this case. Dkt. 8. This case is not currently stayed. Petitioner has

requested this case be stayed, Dkt. 7; however, the Court will not rule on the motion to stay until Respondent has had an opportunity to respond to the motion. Therefore, the Motion to Amend is premature. Moreover, if the Court stays this case, a motion to amend should be filed after the stay has been lifted. Accordingly, the Motion to Amend (Dkt. 8) is denied without prejudice. If Petitioner's motion to stay is granted, Petitioner is directed to seek leave to amend when any such stay is lifted.

### III.   Motion for Discovery (Dkt. 9)

Petitioner has filed a Motion for Discovery requesting the Court order production of videos from all Petitioner's state court hearings. Dkt. 9. Under Rule 6 of the Rules Governing Section 2254 Cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b).

Petitioner asserts he cannot prove his claim that the prosecutor lied about plea offers unless Petitioner has videos of his hearings. Dkt. 6. The Court finds Petitioner has not shown good cause for the discovery. First, Petitioner has not provided any evidence showing his hearings were recorded. Further, if there were video recordings of the hearings, Petitioner has not shown that videos from his 2018 hearings still exist. Petitioner also has not had an opportunity to review the state court record, which may resolve any discovery issues. For these reasons, Petitioner's Motion for Discovery (Dkt. 9) is denied.

ORDER ON MISCELLANEOUS MOTIONS - 3

### IV. Motion for Evidentiary Hearing (Dkt. 10)

Petitioner next filed a Motion for Evidentiary Hearing. Dkt. 10. The Court finds any request for an evidentiary hearing is premature. At the time of filing the Motion, Respondent had not yet been served or had an opportunity to respond to the Petition and the Court has not had an opportunity to review Respondent's answer. Further, Petitioner has not shown an evidentiary hearing is warranted in this case. Accordingly, the Motion for Evidentiary Hearing (Dkt. 10) is denied.

### V. Motion to Expediate Review (Dkt. 11)

Petitioner has filed a Motion to Expediate Review. Dkt. 11. Petitioner states he is entitled to release if the Court grants Grounds 1 or 2 of his Petition and, thus, would like an expediated briefing schedule. *Id*. He requests the Court direct Respondent to file a response brief within 30 days. *Id*. He also moves for the Court to complete review of the Petition within a specified time. *Id*. The Court finds Petitioner's request is inconsistent with his requests to stay the Petition, to conduct discovery, and for an evidentiary hearing. Regardless, the Court does not find Petitioner has shown an expediated briefing schedule is warranted in this case. Accordingly, the Motion to Expediate Review (Dkt. 11) is denied.

### VI. Motion to Stay and Abey (Dkt. 7)

Finally, Petitioner filed a Motion to Stay and Abey. Dkt. 7. He asks the Court to hear Grounds 1 and 2 of his Petition and stay the remaining grounds. *Id*. The Court finds a response from the Respondent on the Motion to Stay is necessary as it appears Petitioner may have filed a mixed petition. Accordingly, the Motion to Stay (Dkt. 7) is re-noted to January 2, 2026. Respondent is directed to file a response to the Motion to Stay (Dkt. 7) within twenty-one days of the service order.

**VII.    Conclusion**

For the above stated reasons, the Motion to Appoint Counsel (Dkt. 6), Motion to Amend (Dkt. 8), Motion for Discovery (Dkt. 9), Motion for Evidentiary Hearing (Dkt. 10), and Motion to Expedite Review (Dkt. 11) are DENIED. The Motion to Stay and Abey (Dkt. 7) is re-noted to January 2, 2026.

Dated this 5th day of December, 2025.

David W. Christel
United States Magistrate Judge