UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KENNETH PAUL ZIMMERMAN,

                Petitioner,

    v.

JACK WARNER,

                Respondent.

CASE NO. 3:25-CV-6050-RAJ-DWC

ORDER DIRECTING ANSWER

On November 19, 2025, Petitioner Kenneth Paul Zimmerman initiated this case under 28 U.S.C. § 2254. Petitioner filed a Motion to Stay and Abey. Dkt. 7. The Court directed the Petition be served and directed Respondent to file a response to the Motion to Stay. Dkt. 13. The Court stated it would direct Respondent to later file an answer to the Petition, if appropriate. *Id*. On December 24, 2025, Respondent filed a response to the Motion to Stay. Dkt. 17. Respondent asserts the Motion to Stay should be denied because the Petition is untimely and Petitioner is procedurally barred from exhausting any unexhausted claims. *Id*.

"District courts do ordinarily have authority to issue stays, . . . where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal citation omitted). A stay and abeyance in federal habeas cases, however, "should be available only in limited circumstances." *Id.* at 277. A stay may be granted if: (1) the petitioner has "good cause" for the failure to exhaust his grounds in state court; (2) the unexhausted claims are potentially

ORDER DIRECTING ANSWER - 1

meritorious; and (3) there is no indication the petitioner intentionally engaged in dilatory litigation tactics. *Id.* at 278; *see Riner v. Crawford*, 415 F.Supp.2d 1207, 1210 (D. Nev. 2006).

The Court has considered the record and finds an answer to the Petition, with a complete record, is necessary before the Court rules on the Motion to Stay. Respondent asserts the Petition is timed-barred and any unexhausted claims are procedurally defaulted. If accurate, Petitioner's Petition suffers from procedural deficiencies and any unexhausted claims are not meritorious. Without the state court records, this Court cannot determine if a stay is appropriate. For these reasons, the Court directs Respondent to file an answer to the Petition.

Therefore, on or before **February 20, 2026**, Respondent shall file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases in United States District Courts. As part of such answer, respondent(s) shall state whether petitioner has exhausted available state remedies and whether an evidentiary hearing is necessary. Respondent(s) shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. Respondent(s) shall file the answer with the Clerk of the Court and serve a copy of the answer on petitioner.

The answer will be treated in accordance with LCR 7. Accordingly, on the face of the answer, Respondent shall note it for consideration no earlier than 28 days after filing. Petitioner may file and serve a response not later than 21 days after the filing date of the response, and Respondent may file and serve a reply not later than 28 days after the filing date of the motion.

The Clerk's Office is directed to re-note the Motion to Stay (Dkt. 7) for March 20, 2026.

Dated this 14th day of January, 2026.

David W. Christel
United States Magistrate Judge

ORDER DIRECTING ANSWER - 2