HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH PAUL ZIMMERMAN,

Petitioner,

v.

JACK WARNER,

Defendant.

CASE NO. 3:25-CV-6050-RAJ-DWC

ORDER

**THIS MATTER** comes before the Court on the Order on Miscellaneous Motions entered by Magistrate Judge David W. Christel (the "Order on Miscellaneous Motions," Dkt. # 12) and Petitioner's objections thereto (the "Objections," Dkt. # 18). Having reviewed the Order on Miscellaneous Motions, the Objections, and the balance of the record, the Court **ADOPTS** the Order on Miscellaneous Motions and makes the following additional findings.

As set forth in the Order on Miscellaneous Motions, the Magistrate Judge found that Petitioner has "not shown he is likely to succeed on the merits of this case." Dkt. # 12 at 2. Petitioner's Objections largely focus on his effort to rebut this finding. *See generally*

Dkt. # 18 at 1–7. Petitioner reiterates that he was never apprised of the third plea offer of 22–29 months made by the prosecutor in his criminal case to his attorney Barbara Corey. *Id.* at 1. In support of his argument that his claim is likely to succeed on the merits, Petitioner cites to the Petition, which articulates his claim regarding the purportedly uncommunicated third offer and appends emails between the prosecutor and Corey reflecting the extension of this offer. Dkt. # 3 at 131. Petitioner also emphasizes that the third plea offer was never "put [] in writing." Dkt. # 18 at 2.

However, the Petition also appends an opinion of the Washington State Court of Appeals, which indicates that the Pierce County Superior Court held a reference hearing to determine whether Corey had advised Zimmerman of the third plea offer. Dkt. # 3 at 974. Following the hearing, the Superior Court concluded that the evidence presented demonstrated, on a more probable than not basis, that Corey had advised Zimmerman of the offer. *Id.* The Superior Court reached this conclusion despite the absence of a memorialization of the offer in contemporaneous writing. *Id.* The Superior Court also expressly found that Zimmerman's testimony that Corey never conveyed the offer was not credible. *Id.* at 975.

The Court of Appeals affirmed the Superior Court's finding, noting that evidence presented during the reference hearing contradicted Zimmerman's claim that the offer was not presented to him:

> This evidence supports the superior court's finding that Corey conveyed the third offer to Zimmerman. Accordingly, we reject Zimmerman's challenge to the superior court's finding that Corey conveyed the third plea offer to him. And because Corey conveyed the third plea offer to Zimmerman, we hold that Zimmerman's claim that he received ineffective assistance of counsel based on Corey's failure to advise him of the plea offer fails.

Dkt. # 3 at 980–81.

Having considered both the Petition and the documents attached as exhibits thereto—including the foregoing opinion of the Court of Appeals rejecting substantially similar claims for relief after a thorough evidentiary hearing—the Court affirms and adopts

the Magistrate Judge's finding that Petitioner is unlikely to succeed on the merits of the claims in this action. Dkt. # 12 at 2. The Court also adopts the other findings in the Order on Miscellaneous Motions. *See generally* Dkt. # 12.

For the foregoing reasons, the Court finds and **ORDERS**:

(1) The Court **ADOPTS** the Order on Miscellaneous Motions. Dkt. # 12.

(2) Plaintiff's Motion to Appoint Counsel (Dkt. # 6), Motion to Amend (Dkt. # 8), Motion for Discovery (Dkt. # 9), Motion for Evidentiary Hearing (Dkt. # 10), and Motion to Expedite Review (Dkt. # 11) are **DENIED**.

The Clerk is directed to send copies of this Order to Plaintiff and to the Hon. David W. Christel.

Dated this 30th day of July, 2026.

The Honorable Richard A. Jones
United States District Judge